**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**GABRIELLE WILLIAMS,**

    **Plaintiff,**

 **-v-**        **Case No:**
           **Hon.**

**OAKWOOD HEALTHCARE, INC.,**
**d/b/a BEAUMONT HOSPITAL - DEARBORN,**
**a Michigan non-profit corporation,**

    **Defendant.**
_____/
**LAW OFFICES OF CHUI KAREGA**
**By: Chui Karega (P27059)**
**Attorney for Plaintiff**
**19771 James Couzens Highway**
**Detroit, Michigan 48235-1977**
**(313) 864-0663**
**---------------------------/**

# COMPLAINT

  NOW COMES Plaintiff, by and through attorney CHUI KAREGA (P27059), as her Complaint against the Defendant, states as follows:

## JURISDICTION AND VENUE

  1.  Original jurisdiction of this Court is proper pursuant to 28 U.S.C. 1343 (a)(4) and 42 U.S.C. 3613.

  2.  Supplemental jurisdiction over the state claims is proper in this court pursuant to 28 U.S.C. 1367(a).

  3.  Venue lies within the Eastern District of Michigan pursuant to 28 U.S.C. 1391(b).

4.     This court also has jurisdiction in the courts of the United States pursuant to the terms of the Title VII of the Civil Rights Act of 1964; 42 USC 2000e, et seq.

5.     Plaintiff brings this action pursuant to the terms, cumulative rights, and remedies afforded Michigan citizens pursuant to The Whistleblowers' Protection Act, 15 MCL 363, et seq, the Elliott-Larsen Civil Rights Act of the state of Michigan, as amended, MCLA 37.101, et seq.

## THE PARTIES

6.  At all time material upon information and belief, Oakwood Healthcare, Inc., (hereinafter sometimes referred to as "defendant"), at all times material has been a Michigan non-profit corporation, with facilities located in the City of Dearborn, Wayne County, Michigan.

7.   At all times material, upon information Janice Davis has been the supervisor of the  lab area in which Plaintiff was employed by defendant; and as such was an agent of defendant.

8.   Plaintiff, Gabrielle Williams was employed as a Phlebotomist Technician, at all times material, qualified for employment with defendant in the capacity she was employed.

-2-

## FACTUAL ALLEGATIONS

9.     Beginning on or about December, 2012 Plaintiff was employed with defendant as a Phlebotomist Technician.

10.  At all times material to these proceedings, Plaintiff duties included, but were not limited to, draw human blood, label tubes, stock carts,  and track patient progress.

11.     At all times material to these proceedings, for an extended period of time in 2016 and 2017, a racially insulting and derogatory black faced doll was present in the area in which Plaintiff and other employees were required to work.

12.  During various times throughout 2016 and 2017 during display of the black faced doll mentioned in the preceding paragraph, Plaintiff, in the course of her employment expressed repeated concern about potential or violations of racially discriminatory principals and standards, and regulations in the continued presence of the black faced doll.

13.   The complaints of Plaintiff were not taken seriously or effectively addressed by defendant leaving Plaintiff with no alternative but to report the presence of the doll to proper regulatory and legal authorities outside defendant's system;  which Plaintiff prepared to do.

14.     At all times during her employment with defendant Plaintiff performed her duties in exemplary fashion; without significant reprimands or other disciplinary action.

-3-

15.   On or about the 6th day of February, 2017, defendant separated Plaintiff from her employment with defendant.

16.   Plaintiff's separation as described in the preceding paragraph was implemented without any cause for discharge.

17.   Defendant gave as a reason for separation of Plaintiff alleged rule violation which are false.  Moreover, other employees engaging in conduct more serious than that alleged against Plaintiff have been more favorably treated.

## COUNT I

## RETALIATORY SEPARATION
## WHISTLEBLOWER VIOLATION

18.   Plaintiff realleges paragraphs 1 through 17, above, as though set forth herein, word by word, sentence by sentence, and paragraph by paragraph.

19.   Pursuant to The Whistleblowers' Protection Act, 15 MCL 261, et seq, as amended, defendants, and each of them, individually and collectively, were obligated to refrain discharging, threatening, or otherwise discriminating against an employee regarding compensation, or privileges of employment due to a report or potential report of violations of law, rule or regulation to a public body.

20.   Upon belief, at times material to these proceedings, defendant, made certain employment decisions involving Plaintiff's separation taking into account her concern of need to report to a public body potential or violations of  of racially discriminatory principals and standards, and regulations in the continued presence of the black faced doll.

-4-

21.   Defendant breached the aforesaid duty to avoid unlawful discrimination in violation of The Whistleblowers' Protection Act by the acts and omissions described in the preceding paragraph.

22.   As a direct and proximate result of the discriminatory conduct of each defendant described above, Plaintiff suffered the indignity of discrimination; and loss of wages, wage earning capacity, benefits of employment, and other conditions of employment.

23.   As a further direct and proximate result of the discrimination against Plaintiff described above, Plaintiff has also suffered mental anguish, mental shock, humiliation and embarrassment and the loss of enjoyment of some of the ordinary pleasures of life.

WHEREFORE,  Plaintiff demands judgment against the Defendants for compensatory damages in such sum which is fair and just and in excess of EIGHTY FIVE THOUSAND ($85,000.00) DOLLARS along with punitive damages, taxable cost, interest thereon and attorneys fees.

## COUNT II

## HOSTILE WORK ENVIRONMENT

24.   Plaintiff realleges paragraphs 1 through 23, above, as though set forth herein, word by word, sentence by sentence, and paragraph by paragraph.

25.     At all times since April, 2010, Defendant created or allowed to flourish a hostile work environment by the presence of the black faced doll which was visible to employees, patients, and visitors alike; as described in preceding paragraphs.

26.   Defendant breached the aforesaid duty to avoid unlawful discrimination through hostile work environment in violation of the Civil Rights Act of 1964, being popularly known as Title VII; 42 USC 2000e, et seq by the acts and omissions described in the preceding paragraphs.

27.   As a direct and proximate result of the discriminatory conduct of each defendant described above, Plaintiff suffered the indignity of discrimination; and loss of wages, wage earning  capacity, benefits of employment, and other conditions of employment.

28.   As a further direct and proximate result of the discrimination against Plaintiff described above, Plaintiff has also suffered mental anguish, mental shock, humiliation and embarrassment and the loss of enjoyment of some of the ordinary pleasures of life.

WHEREFORE,  Plaintiff demands judgment against the Defendants for compensatory damages in such sum which is fair and just and in excess of EIGHTY FIVE THOUSAND ($85,000.00) DOLLARS along with punitive damages, taxable cost, interest thereon and attorneys fees.

-6-

## COUNT III

## VIOLATION OF TITLE VII OF THE
## CIVIL RIGHTS ACT OF 1964

28.     Plaintiff realleges paragraphs 1 through 27, above, as though set forth herein, word by word, sentence by sentence, and paragraph by paragraph.

29.     Pursuant to Title VII of the Civil Rights  Act of 1968, 42 USC 2000e, et seq, as amended, defendants, and each of them,

individually and collectively, were obligated to refrain from discriminatory application of work rules and/or disciplinary action(s) in connection with an employment decision; including, but not limited to, wages, hours, or other conditions of employment.

30.     Upon belief, at times material to these proceedings, defendant, certain employment or contract decisions involving Plaintiff including, but not limited to her February, 2017 separation from employment, were occasioned by consideration of the race and other persons.

31.  Defendant breached the aforesaid duty to avoid unlawful discrimination in violation of the Civil Rights Act of 1964, being popularly known as Title VII; 42 USC 2000e, et seq by the acts and omissions described in the preceding paragraph.

32.  As a direct and proximate result of the discriminatory conduct of each defendant described above, Plaintiff suffered the indignity of discrimination; and loss of wages, wage earning capacity, benefits of employment, and other conditions of employment.

-7-

33.   As a further direct and proximate result of the discrimination against Plaintiff described above, Plaintiff has also suffered mental anguish, mental shock, humiliation and embarrassment and the loss of enjoyment of some of the ordinary pleasures of life.

WHEREFORE,  Plaintiff demands judgment against the Defendants for compensatory damages in such sum which is fair and just and in excess of TWO HUNDRED EIGHTY FIVE THOUSAND ($285,000.00) DOLLARS along with punitive damages, taxable cost, interest thereon and attorneys fees.

## COUNT V

## VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT OF MICHIGAN

34.   Plaintiff realleges paragraphs 1 through 33, above, as though set forth herein, word by word, sentence by sentence, and paragraph by paragraph.

35.   Pursuant to the Elliott-Larsen Civil Rights Act of the state of Michigan, as amended, MCLA 37.101, et seq defendants, and each of them, individually and collectively, were obligated to refrain from discriminating against persons on account of race in terms of wages, hours, or other terms or conditions of employment.

36.   As a direct and proximate result of the conduct of defendant described above, Plaintiff suffered the indignity of discrimination; and loss of wages, wage earning capacity, benefits of employment, and other conditions of employment.

-8-

37.   As a further direct and proximate result of the discrimination against Plaintiff described above, Plaintiff has also suffered mental anguish, mental shock, humiliation and embarrassment and the loss of enjoyment of some of the ordinary pleasures of life.

WHEREFORE,  Plaintiff demands judgment against the Defendants for compensatory damages in such sum which is fair and  just and in excess of TWO HUNDERD EIGHTY FIVE THOUSAND ($285,000.00) DOLLARS along with exemplary or punitive damages the taxable cost, interest thereon and attorneys fees.

LAW OFFICES OF CHUI KAREGA


_____/a/   Chui   Karega_____
BY: CHUI KAREGA (P27059)
Attorney for Plaintiff
19771 James Couzens Highway
P.O. Box 312083
Detroit, Michigan 48231-2083
Date: April 28, 2017                    (313) 864-0663
ck27059@msn.com

# JURY DEMAND

NOW COMES Plaintiff, by and through attorney CHUI KAREGA (P27059), and hereby demands trial by jury on all issues in this matter.

LAW OFFICES OF CHUI KAREGA


_____/a/   Chui   Karega_____
BY: CHUI KAREGA (P27059)
Attorney for Plaintiff
19771 James Couzens Highway
P.O. Box 312083
Detroit, Michigan 48231-2083
Date: April 28, 2017                    (313) 864-0663
ck27059@msn.com