## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed:  April 30, 2019

Mr. Chui Karega
Law Office
19771 James Couzens Highway
Detroit, MI 48235-1937

Mr. Ronald E. Reynolds
The Murray Law Group
31780 Telegraph Road
Suite 200
Bingham Farms, MI 48025

> Re:  Case No. 18-2137, *Gabrielle Williams v. Oakwood Healthcare, Inc.*
>      Originating Case No. : 2:17-cv-11381

Dear Counsel,

   The Court issued the enclosed opinion today in this case.

> Sincerely yours,
>
> s/Cathryn Lovely
> Opinions Deputy

cc:  Mr. David J. Weaver

Enclosure

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0231n.06

No. 18-2137

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| GABRIELLE WILLIAMS | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| OAKWOOD HEALTHCARE, INC., d/b/a | ) | COURT FOR THE EASTERN |
| BEAUMONT HOSPITAL - DEARBORN | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

FILED
Apr 30, 2019
DEBORAH S. HUNT, Clerk

BEFORE:   SUHRHEINRICH, THAPAR, and LARSEN, Circuit Judges.

PER CURIAM.  Plaintiff Gabrielle Williams was a phlebotomist at Oakwood Healthcare, Inc., d/b/a Beaumont Hospital – Dearborn ("Beaumont").  In February 2017, her employment was terminated after she sent private Facebook messages to a coworker's wife, accusing the coworker of having an affair.  Williams filed this lawsuit against Beaumont, asserting that she was fired in violation of Michigan's Whistleblowers' Protection Act ("WPA"), Title VII of the Civil Rights Act of 1964, and Michigan's Elliott-Larsen Civil Rights Act.  The district court granted summary judgment to Beaumont, disposing of all claims.

In this appeal, Williams challenges the entirety of the district court's ruling.  We review the summary judgment ruling de novo and find that only one argument warrants attention here: Williams asserts that the district court erred by applying a "clear and convincing" burden of proof to her claim that she actually reported a violation of law.  Under the WPA, the "clear and

convincing" standard only applies to "about to report" claims, not "actual report" claims. MICH. COMP. LAWS § 15.363(4). However, this distinction has no bearing on the result because Williams has not presented any credible evidence to support her claim even under the lower preponderance standard.

Having duly considered the balance of Williams' appellate arguments, we find that they merely rehash arguments fully and properly disposed of by the district court. The district court's opinion represents a well-reasoned and proper application of the law to the record facts. Williams' arguments fail to identify any additional error. Concluding that a full opinion explicitly addressing her arguments would be entirely duplicative, we hereby **AFFIRM** the judgment of the district court based on the analysis set forth in its September 4, 2018 opinion.